PARADOX LAND & TRANSPORT COMPANY, PETITIONER, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40211.   Promulgated July 22, 1931.

*George H. Swerer, Esq.*, for the petitioner.
*J. E. McFarland, Esq.*, for the repondent.

OPINION.

BLACK: Petitioner claims additional depreciation for the year 1924, but as no deficiency was determined for that year, we have no jurisdiction as to that year. The appeal in so far as it relates to 1924 is hereby dismissed.

Relative to the claim for increased depreciation for 1925 and 1926, the burden of proof is upon the petitioner to show that the determination made by the respondent is erroneous. The allowances made by respondent covered all the depreciation which petitioner had

charged off its books in 1925 and 1926. In the absence of any evidence before us showing that petitioner actually sustained greater depreciation than it charged off its books, we can not allow more. The mere fact that petitioner claimed as a deduction on its income-tax returns a greater amount of depreciation than it had charged off on its books is no proof that it had actually sustained such depreciation. A contention of this kind must be supported by evidence. Respondent is sustained on this point. The action of the respondent in disallowing loss on the oil and gas lease is also approved as no evidence was introduced substantiating any such loss.

In the matter of the profit by petitioner on the sale in 1926 of the bus franchise and other property to the Colorado Motor Way of Denver, it is contended by the respondent that no cost basis is allowable for the franchise, for the reason that when the petitioner corporation was organized the partnership remained in control because it owned in excess of 80 per cent of the issued capital stock and under such circumstances the cost basis is the cost to the transferor partnership, and that the evidence does not show any cost of the franchise to the partnership. We think respondent must be sustained on this point.

The Commissioner used as a basis on the sale of petitioner's properties in 1926, including the franchise, the cost to the partners.

Section 204 (a) of the Revenue Act of 1926 provides:

The basis for determining the gain or loss from the sale or other disposition of property, acquired after February 28, 1913, shall be the cost of such property; except that—

\*　　\*　　\*　　\*　　\*　　\*　　\*

(8) If the property (other than stock or securities in a corporation a party to the reorganization) was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 \* \* \* then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

Paragraph 4 of subdivision (b) of section 203 reads as follows:

No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

From the foregoing it is apparent that, inasmuch as the 2,000 shares of common stock issued to the partners were not only 80 per cent of the entire common stock, but were issued some six months prior to

the issuance of the remaining 500 shares of common stock to one Bagnall, unquestionably the partners were in control of the corporation as defined by subdivision (i) of section 203, which provides that:

Control means the ownership of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

The partners being in control of the corporation, within the meaning of the quoted statute, after the partnership assets were transferred to it, the basis of cost of the franchise in determining the profit on its sale in 1926 was its cost to the partners. *Haas Building Co.*, 22 B. T. A. 528, and cases there cited. Petitioner has offered no adequate proof of any cost to the partners of this franchise to operate a bus line between Denver and Fort Collins, Colo. The only evidence which petitioner has offered even tending to show the cost to the partners of such franchise was the language in the resolution which we have incorporated in the findings of fact, wherein it was stated that contracts and franchises were carried on the books of the partnership at a valuation of $14,700. This is not adequate evidence of cost.

We must sustain respondent's determination of the profit made on the sale of petitioner's assets and franchise in 1926 because we have no sufficient evidence before us to show that it was error.

*Decision will be entered for the respondent.*